United States District Court
Southern District of Texas
**ENTERED**
September 26, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRA LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-2895 |
| | § | |
| BEARD & LANE, P.C., and | § | |
| BRENT ASHLEY LANE a/k/a | § | |
| BRENT A. LANE, | § | |
| | § | |
| Defendants | § | |

**MEMORANDUM OPINION AND ORDER OF REMAND**

Plaintiff, Alejandra Lopez ("Plaintiff" or "Lopez"), initiated this action on July 7, 2023, by filing Plaintiff's Original Petition in the 215th Judicial District Court of Harris, County Texas, Cause Number 2023-42140, asserting claims against defendants, Beard & Lane, P.C. ("Beard & Lane"), and Brent Ashley Lane a/k/a Brent A. Lane ("Lane") (collectively, "Defendants"), for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e <u>et seq.</u> ("Title VII"), and the Texas Commission on Human Rights Act ("TCHRA"), Chapter 21 of the Texas Labor Code.  Plaintiff has also asserted claims for violation of the United States and Texas Constitutions, and claims for negligence, gross negligence, and intentional infliction of emotional distress pursuant to Texas common law. Plaintiff does not seek reinstatement but, instead, seeks back pay, including benefits, from March 24, 2023, to the present and all

other damages to which she is entitled.[1] On August 7, 2023, Defendants removed this action pursuant to 28 U.S.C. § 1441 based on federal question jurisdiction.[2] Pending before the court is Defendants' Motion for Judgment on the Pleadings ("Defendants' Motion for Judgment") (Docket Entry No. 6). For the reasons set forth below Defendant's Motion for Judgment will be granted in part and denied in part, and the state law causes of action for negligence, gross negligence, and intentional infliction of emotional distress will be remanded to the 215th Judicial District Court of Harris, County Texas.

## I. Factual Allegations

Plaintiff alleges that in April of 2021 Lane hired her to work as a legal assistant at Beard & Lane, and that she remained employed there until she was wrongfully discharged on March 24, 2023. Plaintiff alleges that while employed at Beard & Lane she experienced unwanted sexual attention from Lane. Plaintiff alleges that Lane regularly give woman unwanted sexual attention by staring at their private areas for extended periods of time, entering

---

[1]Plaintiff's Original Petition, Exhibit A-2 to Defendants' Beard & Lane, P.C. and Brent A. Lane's Notice of Removal, Docket Entry No. 1-1, pp. 6-28. Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system.

[2]Defendants' Beard & Lane, P.C. and Brent A. Lane's Notice of Removal, Docket Entry No. 1.

female employees' offices and closing the door to talk to them privately, and making sexually explicit comments. Plaintiff alleges that after she started dating a male employee at Beard & Lane named Mike, Lane told Mike that he wanted the two of them to "gang bang" Plaintiff. Plaintiff alleges that on one occasion Lane entered her office, blocked the door so that Mike could not enter, and said things that upset her. Plaintiff alleges that on March 22, 2023, Lane discharged Mike, and that the next day Lane sent her a text asking her to take two days off with pay to think about her future plans with Beard & Lane. On March 24, 2023, Mike sent Lane a letter on behalf of himself and Plaintiff alleging discrimination, including allegations that Lane had sexually harassed Plaintiff. Lane responded to the letter by stating that Plaintiff could not come to the office without her attorney, that Plaintiff should retrieve her belongings from the office manager, and that Plaintiff should return her office keys.

## II. **Standard of Review**

Asserting that Plaintiff's pleadings fail to state a claim for which relief may be granted, Defendants argue that Plaintiff's case should be dismissed with prejudice and final judgment entered in their favor pursuant to Federal Rule of Civil Procedure 12(c). Although Defendants filed the pending Motion for Judgment on August

29, 2023, and Plaintiff's response was due on September 19, 2023,³ Plaintiff has not responded to Defendants' motion. Local Rule 7.4 states that "[f]ailure to respond to a motion will be taken as a representation of no opposition." The Fifth Circuit has held that a proper sanction for failure to respond to a dispositive motion is for the court to decide the motion on the papers before it. Ramsay v. Bailey, 531 F.2d 706, 709 n. 2 (5th Cir. 1976)(per curiam), cert. denied, 97 S. Ct. 1139 (1977) (citing Woodham v. American Cystoscope Co. of Pelham, New York, 335 F.2d 551, 556-57 (5th Cir. 1964)).

"A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). Such a motion is useful when all material allegations of facts are admitted in the pleadings and only questions of law remain. Id. "The standard for deciding a Rule 12(c) motion is the same standard used for deciding motions to dismiss pursuant to Rule 12(b)(6)." Q Clothier New Orleans, L.L.C. v. Twin City Fire Insurance Co., 29 F.4th 252, 256 (5th Cir. 2022). "To survive a motion to dismiss, a complaint must contain

---

³Under the Local Rules of the Southern District of Texas, a response to a motion is due 21 days after the motion is filed. S.D. Tex. L.R. 7.3, 7.4(A).

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007)). When considering a motion to dismiss based on Rule 12(b)(6), "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000) (recognizing that in "other circuits . . . documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and central to her claim," and that "[i]n so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated")).

### III. Analysis

Defendants state that they are entitled to judgment on the pleadings because Plaintiff's pleadings show that she is legally unable to state claims for which relief may be granted.

### A. Title VII and the TCHRA Claims

Plaintiff alleges that she "sues under Title VII of the Civil Rights Act of 1964, as amended, and the . . . [TCHRA], each [of] which prohibit discrimination in employment on the basis of national origin and sex as detailed above."[4] Plaintiff alleges that she "timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and with the [TCHRA],"[5] and that she "received her Right to Sue letter from the EEOC and timely filed this action against Defendants."[6] Under the heading "Violation of Texas Labor Code" Plaintiff alleges that

> Defendants' conduct as set forth above violated Texas Labor Code Section 21.051, "Discrimination by Employer," 21.055, "Retaliation," and Section 21.056, "Aiding and Abetting Discrimination." More specifically, Defendant took actions that were discriminatory in nature against Plaintiff, including but not limited to, wrongful termination. Defendant intentionally retaliated against Plaintiff as set out herein in violation of the Texas Labor Code § 21.055.[7]

Defendants argue that Plaintiff is unable to state a Title VII and/or a TCHRA claim against Lane for which relief may be granted because both statutes apply only to "employers" and not to individuals. Defendants argue that Plaintiff is unable to state a

---

[4] Plaintiff's Original Petition, Docket Entry No. 1-1, p. 11 ¶ 23.

[5] Id. at 12 ¶ 24.

[6] Id. ¶ 25.

[7] Id. ¶ 28.

Title VII and/or a TCHRA claim against Beard & Lane for which relief may be granted because both statutes apply only to employers who have 15 or more employees, but when filing her EEOC charge, Plaintiff swore that Beard & Lane had only "6-10" employees.[8]

Title VII makes it "an unlawful employment practice for an **employer** . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's . . . sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). Like Title VII, the TCHRA prohibits employers from discriminating against an employee on the basis of sex or national origin. Tex. Lab. Code § 21.051. The TCHRA was specifically enacted to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments," Tex. Lab. Code § 21.001, and the Texas Supreme Court has recognized that "[t]he [T]CHRA was enacted to address the specific evil of discrimination . . . in the workplace." City of Waco v. Lopez, 259 S.W.3d 147, 153 (Tex. 2008). See also Waffle House, Inc. v. Williams, 313 S.W.3d 796, 804 (Tex. 2010) ("One express purpose of the [TCHRA] is to 'provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments.'" (quoting Texas Labor Code § 21.001(1)). Thus, courts apply the same standards when

---

[8]Defendants' Motion for Judgment, Docket Entry No. 6, pp. 8, 10-13 (quoting Exhibit 1, Plaintiff's EEOC Charge, Docket Entry No. 6-1, p. 2).

analyzing Title VII and TCHRA claims. See Pineda v. United Parcel Service, Inc., 360 F.3d 483, 487 (5th Cir. 2004). See also Wright v. Chevron Phillips Chemical Co., L.P., 734 F. App'x 931, 933 n. 2 (5th Cir. 2018)(per curiam)(noting that Texas courts rely on federal law to interpret the TCHRA, and citing In re United Services Automobile Association, 307 S.W.3d 299, 308-09 (Tex. 2010)).

Title VII states that "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year . . ." 42 U.S.C. 2000e(b). Like Title VII, the TCHRA defines "employer" to require 15 or more employees during 20 or more calendar weeks during the current or preceding calendar year. Texas Labor Code § 21.002(8)(A). Because Plaintiff's sworn EEOC charge states that Beard & Lane has only 6-10 employees, Beard & Lane is not an "employer" as statutorily defined by either Title VII or the TCHRA. The EEOC dismissed Plaintiff's complaint less than a month after it was filed for this reason, stating in its Dismissal and Notice of Rights, "[t]he EEOC is closing this charge because the respondent employs less than the required number of employees and is not covered by the laws enforced by EEOC."[9] Because Beard & Lane is

---

[9] Id. at 11 (citing Dismissal and Notice of Rights, Exhibit 2, Docket Entry No. 6-1, p. 4).

not an "employer" as statutorily defined by Title VII or the TCHRA, Plaintiff is unable to state a Title VII or a TCHRA claim against Beard & Lane for which relief which may be granted. Accordingly, Defendants' Motion for Judgment will be granted as to the claims for violation of Title VII and the TCHRA that Plaintiff has asserted against Beard & Lane.

The Fifth Circuit has long held that "individuals who do not otherwise qualify as an employer cannot be held liable for a breach of title VII." Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir.), cert. denied, 115 S. Ct. 574 (1994). See also Smith v. Amedisys Inc., 298 F.3d 434, 448 (5th Cir. 2002) ("This circuit has held that there is no individual liability for employees under Title VII."). In Smith the Fifth Circuit recognized that Title VII's definition of "employer" includes "any agent" of an employer, but explained that reference merely incorporates the principle of respondeat superior liability into Title VII, and does not impose individual liability on employers' agents. Id. See also Muthukumar v. Kiel, 478 F. App'x 156, 158 (5th Cir. 2012) (per curiam) (same). Like the Fifth Circuit, Texas courts have held that only employers, not individual employees, can be held liable for TCHRA violations. See Jenkins v. Guardian Industries Corp., 16 S.W.3d 431, 439 (Tex. App. — Waco 2000, pet. denied) ("Supervisors and managers are not liable in their individual capacities for alleged acts of discrimination under the TCHRA."). See also

Anderson v. Houston Community College System, 458 S.W.3d 633, 649 (Tex. App. — Houston [1st Dist. 2015, no pet.) (quoting Winters v. Chubb & Son, Inc., 132 S.W.3d 568, 580 (Tex. App. — Houston [14th Dist.] 2004, no pet.) ("It is well established in Texas that an individual cannot be held personally liable under the TCHRA.")). Because Plaintiff fails to allege either that she had an employment relationship with Lane as opposed to Beard & Lane, or that Lane meets the statutory definition of employer under either Title VII or the TCHRA, Plaintiff is unable to state a Title VII or a TCHRA claim against Lane for which relief which may be granted. Accordingly, Defendants' Motion for Judgment will be granted as to the claims for violation of Title VII and the TCHRA that Plaintiff has asserted against Lane.

**B.  United States and Texas Constitutional Violations**

Plaintiff alleges that Defendants'

> actions in unlawfully discharging Plaintiff violated Plaintiff's procedural and substantive Due Process rights guaranteed Plaintiff under the United States and Texas Constitutions. Defendants' total disregard of Plaintiff's interests in her continued employment and the arbitrary and capricious matter in which Plaintiff was unlawfully discharged constitute these complained of violations.[10]

Defendants argue that Plaintiff is unable to state a claim against them for which relief may be granted under either the

---

[10]Plaintiff's Original Petition, Docket Entry No. 1-1, pp. 12-13 ¶ 31.

United States or the Texas Constitution because such claims do not lie against private actors absent factual allegations that they acted as proxies for the government.[11]

Plaintiff's references to procedural and substantive due process rights implicate the due process clauses in the Fifth and Fourteenth Amendments to the United States Constitution. See Dusenberry v. United States, 122 S. Ct. 694, 699 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process clause of the Fourteenth Amendment prohibits the states, from depriving any person of property without 'due process of law.'"). But Plaintiff's pleadings show that she is unable to state a claim for relief which may be granted under the due process clauses of either amendment. The due process clause of the Fifth Amendment applies only to actions of the federal government. See Arnold v. Williams, 979 F.3d 262, 270 (5th Cir. 2020) (holding that the plaintiff failed to state a claim under the Fifth Amendment due process clause because the defendant "was an officer of the state of Louisiana rather than of the federal government"). The due process clause of the Fourteenth Amendment applies only to actions conducted under color of state law; "the protections of the Fourteenth Amendment do not extend to 'private conduct abridging individual rights.'" National Collegiate Athletic Association v.

---

[11]Defendants' Motion for Judgment, Docket Entry No. 6, pp. 8, 13-15.

Tarkanian, 109 S. Ct. 454, 461 (1988) (quoting Burton v. Wilmington Parking Authority, 81 S. Ct. 856, 860 (1961)). In Tarkanian the Supreme Court explained that

> [e]mbedded in our Fourteenth Amendment jurisprudence is a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair that conduct may be.

Id. (citing Shelley v. Kraemer, 68 S. Ct. 836, 842 (1948)). Because Plaintiff has only asserted claims against private — not federal or state — actors, Plaintiff has failed to state claims for which relief may be granted under the due process clause of either the Fifth or the Fourteenth Amendment to the United States Constitution. Accordingly, Defendants' Motion for Judgment will be granted as to Plaintiff's claims for violation of her rights to procedural and substantive due process under the United States Constitution.

Plaintiff's due process claims under the Texas Constitution also fall short. Plaintiff seeks only money damages for violations of the Texas Constitution. "[S]uits brought pursuant to [Texas] constitutional provisions are limited to equitable relief and do not allow a claim for monetary damages except to the extent specifically enunciated in the constitutional provision." Reynolds v. City of Commerce, Texas, 853 F. App'x 978, 980 (5th Cir. 2021) (per curiam) (citing City of Beaumont v. Bouillon, 896 S.W.2d 143, 149 (Tex. 1995) (concluding with regard to speech and assembly clauses that no text in the Texas Constitution implied a cause of

action for damages for unconstitutional conduct)). Nothing in the due process or equal protection provisions of the Texas Constitution authorizes suits for damages. Id. (citing Patel v. City of Everman, 179 S.W.3d 1, 13 (Tex. App. — Tyler 2004, pet. denied) ("The due process provisions of the Texas Constitution do not provide for a cause of action for damages, but rather only for direct claims seeking equitable relief.")). Accordingly, Defendants' Motion for Judgment will be granted as to Plaintiff's claims for violation of her rights to procedural and substantive due process under the Texas Constitution.

## C. State Common Law Claims

Plaintiff asserts claims for negligence, gross negligence, and intentional infliction of emotional distress under the common law of the State of Texas.[12] Federal courts are courts of limited jurisdiction. They adjudicate claims arising from violations of federal law, including the United States Constitution, claims in which diversity of the parties is present, and pendent state law claims over which the court may exercise supplemental jurisdiction. See 28 U.S.C. § 1367(a) ("Except as [otherwise] provided . . . the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such

---

[12]Plaintiff's Original Petition, Docket Entry No. 1-1, pp. 14-15 ¶¶ 37-42.

original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Since the court has dismissed plaintiff's only federal claims, no federal question remains before the court. Although this fact alone does not divest the court of jurisdiction, the court must decide whether to exercise supplemental jurisdiction over the remaining, supplemental state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction.").

In Carnegie-Mellon University v. Cohill, 108 S. Ct. 614, 619 n.7 (1988), the Supreme Court recognized that

> in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims.

See also United Mine Workers of America v. Gibbs, 86 S. Ct. 1130, 1139 (1966) (recognizing that ordinarily, when the federal claims are dismissed before trial the pendent state claims should be dismissed as well). Moreover, the general rule in the Fifth Circuit is to dismiss state law claims when the federal claims they supplement are dismissed. See Parker & Parsley Petroleum Co. v. Dresser Industries, 972 F.2d 580, 585 (5th Cir. 1992) (citing Wong v. Stripling, 881 F.2d 200, 204 (5th Cir. 1989)). See also

Brookshire Brothers Holding, Inc. v. Dayco Products, Inc., 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal law claims are eliminated before trial. . .").

In Parker & Parsley, 972 F.2d at 582, the Fifth Circuit held that a district court abused its discretion in failing to relinquish jurisdiction over pendent state law claims. In that case the sole federal claim was dismissed after nine months of trial preparation and one month before the scheduled trial date. The district court retained jurisdiction over state law fraud, contract, and tort claims, and continued the case for three additional months. Before the dismissal of the federal claim, there had been "'a serious attack upon the propriety of venue,' 'rigorous deposition schedules,' 'ungodly amounts of discovery documents,' and a hearing on discovery disputes." Id. at 584. In refusing to surrender jurisdiction over the state law claims, the district court had concluded that "'the equities weigh heavily in favor of maintenance of the case,'" and went on to hold a full trial and render judgment on the state law claims. Id. at 584-85.

"After considering and weighing all the factors present in th[e] case," id. at 590, the Fifth Circuit reversed the district court, finding that the failure to relinquish the state law claims was an abuse of discretion. Id. The Fifth Circuit carefully analyzed the Cohill factors, expressly stating that "[n]o single

factor . . . is dispositive." Id. at 587. The court noted a number of facts and circumstances weighing in favor of relinquishing jurisdiction: (i) the case was "only nine months" old; (ii) trial was "still a few weeks away;" (iii) "discovery had not been completed;" (iv) "the case was at an earlier stage than the parties and the court previously might have thought" due to an amended complaint that changed the theories of the case; (v) the district judge did not have "substantial familiarity with the merits of the case;" (vi) the remaining state law issues were "difficult ones;" (vii) remaining in federal court did not "prevent[ ] redundancy [or] conserve[ ] substantial judicial resources;" (viii) there would be no "undue inconvenience" such as a "tremendous financial drain" or a necessity for new legal research; (ix) the already completed discovery "was largely usable in the state proceeding;" (x) the parties would not be prejudiced by remand; and (xi) the "important interests of federalism and comity" heavily favored remand. Id. at 587-89.

Careful examination shows that the circumstances in this case are similar to those in Parker & Parsley. Id. at 582. This case is in an early stage. Discovery has not been completed, no hearings or trial dates have been scheduled, the court has not yet familiarized itself with any of the state law issues, and no prejudice will be suffered by any party if the court declines to exercise supplemental jurisdiction over the remaining state law

claims and decides, instead, to remand them. In addition, comity demands that the important interests of federalism and comity be respected by federal courts, which are courts of limited jurisdiction and "not as well equipped for determinations of state law as are state courts." Id. at 588-89. See also id. at 585 ("Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed.")). Because the court is persuaded that the relevant factors all weigh in favor of remand, the court concludes that there is no reason to exercise supplemental jurisdiction over the pendent state law claims.

### IV.  Conclusions and Order of Remand

For the reasons stated above in § III.A, the court concludes that Plaintiff has failed to state claims against Defendants for which relief may be granted under Title VII and the TCHRA. Accordingly, Plaintiff's Title VII and TCHRA claims are **DISMISSED WITH PREJUDICE**.

For the reasons stated above in § III.B, the court concludes that Plaintiff has failed to state claims against Defendants for violation of her rights to procedural and substantive due process under the Constitutions of the United States and the State of Texas. Accordingly, Plaintiff's claims for violation of the United States and Texas Constitutions are **DISMISSED WITH PREJUDICE**.

For the reasons stated above in § III.C, Plaintiff's claims for negligence, gross negligence, and intentional infliction of emotional distress asserted under the common law of the State of Texas are **REMANDED** to the 215th Judicial District Court of Harris, County Texas.

Accordingly, Defendants' Motion for Judgment on the Pleadings, Docket Entry No. 6, is **GRANTED in PART and DENIED in Part.**

**SIGNED** at Houston, Texas, on this the 26th day of September, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE